**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Robert Lester KIRBY, Jr., Defendant—Appellant.**

**No. 03–4525.**

United States Court of Appeals, Fourth Circuit.

Submitted April 29, 2004.

Decided May 3, 2004.

Gregory J. Ramage, Law Offices of Gregory Ramage, Raleigh, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Before LUTTIG, WILLIAMS, and SHEDD, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

**140**

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following a jury trial, Robert Lester Kirby, Jr., was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000), possession with intent to distribute at least five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2000). The district court sentenced Kirby to a total imprisonment term of 138 months of imprisonment, to be followed by a five-year term of supervised release.

Kirby's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that there were no meritorious grounds for appeal but raising the issue of whether Kirby received ineffective assistance of counsel. Kirby raises the same issue in his pro se supplemental brief. We have reviewed the record and conclude that Kirby's claim of ineffective assistance of counsel should be brought, if at all, in a proceeding under 28 U.S.C. § 2255 (2000), because the record in this appeal does not conclusively establish ineffective assistance of counsel. *See United States v. King*, 119 F.3d 290, 295 (4th Cir.1997).

In accordance with the requirements of *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Kirby's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.

Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*